1  THOMAS M. RIORDAN (S.B. #176364)
   triordan@omm.com
2  ELIZABETH C. LEMOND (S.B. #216690)
   elemond@omm.com
3  JILLIAN B. ALLEN (S.B #239197)
   jallen@omm.com
4  O'MELVENY & MYERS LLP
   610 Newport Center Drive, 17th Floor
5  Newport Beach, CA  92660-6429
   Telephone:  (949) 760-9600
6  Facsimile:   (949) 823-6994
7
   Attorneys for Defendant
8  TOYOTA MOTOR SALES, U.S.A., INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| DANIEL GIRARD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC.,<br><br>Defendant. | Case No.  CV-07-2281 DSF (JCx)<br><br>[PROPOSED] ORDER DISMISSING ACTION WITH PREJUDICE<br><br>[CLASS ACTION] |
|---|---|

WHEREAS, on April 5, 2007 plaintiff Daniel Girard filed his complaint in this action against defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota"); and

WHEREAS, on May 25, 2007, plaintiff filed his first amended complaint in this action; and

WHEREAS, on June 29, 2007, Toyota filed a motion to dismiss plaintiff's first amended complaint which was fully-briefed by both parties; and

NB1 725577.1                                                              CV-07-2281 DSF (JCx)

1. WHEREAS, on July 23, 2007, the Court held a hearing on Toyota's motion to dismiss plaintiff's first amended complaint; and

2. WHEREAS, on August 6, 2007, the Court issued an order granting Toyota's motion to dismiss plaintiff's first amended complaint without prejudice, a copy of which is attached hereto as Exhibit A; and

3. WHEREAS, in said order, the Court granted plaintiff leave to file and serve an amended complaint no later than September 4, 2007 (*see* Exh. A at 9); and

4. WHEREAS, in said order, the Court ordered that plaintiff's failure to file an amended complaint by September 4, 2007 waived plaintiff's right to do so (*Id.*); and

5. WHEREAS, in said order, the Court further ordered that if plaintiff failed to file an amended complaint by September 4, 2007, this action shall be dismissed with prejudice (*Id.*); and

6. WHEREAS, as of September 6, 2007, plaintiff has not filed or served upon Toyota an amended complaint;

NOW, THEREFORE, Toyota requests that pursuant to the Court's prior order of August 6, 2007, the above-captioned action and each constituent claim asserted therein be dismissed in its entirety, with prejudice, and with each side to bear its own costs and attorneys' fees.

Dated: September 7, 2007

O'MELVENY & MYERS LLP

By: /s/ Elizabeth C. Lemond
Attorneys for Defendant
TOYOTA MOTOR SALES, U.S.A., INC.

## O R D E R

The above-captioned action is hereby dismissed with prejudice, with each side to bear its own costs and attorneys' fees.

**IT IS SO ORDERED.**

Dated: 9/10/07

Hon. Dale S. Fischer
Judge, United States District Court

Exhibit A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

| | |
|---|---|
| Case No. | CV 07-2281 DSF (JCx) |
| Date | August 6, 2007 |
| Title | Girard v. Toyota Motor Sales, U.S.A., Inc. |

Present: The Honorable DALE S. FISCHER, United States District Judge

| Paul D. Pierson | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS)  Order GRANTING Defendant's Motion to Dismiss First Amended Complaint for Failure to State a Claim

Plaintiff Daniel Girard filed this putative class action against Defendant Toyota Motor Sales, U.S.A., Inc. on April 5, 2007. Plaintiff's First Amended Class Action Complaint ("FAC") was filed May 25, 2007. Presently before the Court is Defendant's Motion to Dismiss First Amended Complaint for Failure to State a Claim, filed on June 29, 2007. For the reasons set forth below, Defendant's Motion is GRANTED.

## I. FACTUAL ALLEGATIONS[1]

Plaintiff – and other members of the putative class – purchased from Defendants new hybrid vehicles, including the 2005, 2006, and 2007 Toyota Prius, the 2006 and 2007 Toyota Highlander Hybrid, and the 2006 and 2007 Lexus RX400h. (FAC ¶ 6.) At all relevant times, Defendant promoted sales of these vehicles by publicizing tax credits available to purchasers of hybrid vehicles. (See FAC ¶ 9.) For instance, the tax credit referenced for the 2005 and 2006 Toyota Prius was $3,150.00. (FAC ¶ 9.) Defendant sold 212,073 hybrid vehicles in the United States in 2006. (FAC ¶ 9.)

In referencing the federal tax benefits and corresponding tax credit, Defendant failed to make sure consumers received adequate information regarding significant limitations on the tax credits. (FAC ¶ 10.) The limitation on availability of the credit was the direct result of the Alternative Minimum Tax ("AMT"), enforced by the IRS,

---

[1] These factual allegations are taken as true for the purposes of the Motion only.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**PRIORITY SEND**

which applied to Plaintiff and other putative class members. (FAC ¶ 10.) While aggressively marketing the availability of the tax credit on a nationwide basis, Defendant allegedly knew or should have known that few consumers would be able to take advantage of the full tax credit. (FAC ¶ 11.)

Defendant failed to provide its network of Toyota and Lexus franchised dealers with adequate information to explain the limitations on the availability of the tax credits. (FAC ¶ 12.) Defendant also failed to provide adequate information, education, and knowledge to consumers and franchised dealers regarding the significant limitations on federal tax benefits and tax credits as a result of the AMT. (FAC ¶ 12.)

Defendant's false and misleading statements led Plaintiff and other class members to purchase hybrid vehicles believing they would be entitled to substantial dollar-for-dollar tax credits. (FAC ¶ 14.) Plaintiff purchased his vehicle on August 17, 2006. (FAC ¶ 6.) After purchasing hybrid vehicles, Plaintiff and other class members learned that, in fact, they were not eligible for the tax credits promoted by Defendant. (FAC ¶ 14.)

Defendant's misrepresentations included a page on Defendant's website, entitled "Hybrid Synergy View Newsletter" (the "Hybrid Synergy Page"). (Declaration of Jillian B. Allen in Support of Motion to Dismiss First Amended Complaint ("Allen Decl.") Ex. A.)[2] The Hybrid Synergy Page states in part:

### Benefits of Driving a Hybrid Just Got Better

### Federal Income Tax Benefits Increase Sharply
*Last Summer, Congress passed a Federal Energy Bill and a Highway Bill, both containing incentives for owners of hybrid motor vehicles. The aim of this legislation is to encourage the purchase of high-efficiency vehicles that help*

---

[2] The parties agree that the Court should consider Exhibits A and C of the Allen Declaration. The Court declines to consider Exhibits B and D because, among other reasons, they are not incorporated by reference in the FAC. The "incorporation by reference" doctrine extends "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). Defendant fails to substantiate its claims that Plaintiff's FAC depends on the contents of Exhibits B and D. The Court also declines to take judicial notice of the government publication cited by Plaintiff. It is irrelevant.


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**PRIORITY SEND**

*to improve air quality while slowing the increase in the nation's consumption of petroleum-based fuels.*

This means, effective January 1, 2006, taxpayers who took delivery of hybrid vehicles on or after that date will enjoy greater tax relief than before. As you may know, hybrid vehicles purchased in the past have allowed their owners a $2,000 deduction from their taxable income; now, that deduction is replaced by a hybrid tax credit, which is applied to the owner's federal tax liability. The difference can be very significant [1].[3]

While an individual's income tax liability can be subject to a number of factors, it's wise to consult a tax or accounting professional when claiming a deduction or credit on one's income tax return.

Here are answers to the most popular questions being asked about this change in tax benefits:

**My new Prius arrived in late December, and I took delivery just before year's end. What will my tax entitlement be?**
You likely will be entitled to the $2,000 deduction in the amount of your taxable income for the year 2005. Additionally, some states have hybrid vehicle tax incentives. There will be no benefit to your federal tax obligation for the year 2006.

**What do I have to do to qualify for a tax credit in 2006?**
First, you must have taken delivery on or after January 1, 2006. The hybrid vehicle must be purchased new, not leased, and it must meet certain Federal Emissions Ratings and be capable of moving under electric power alone. All

---

[3] The footnote reads:

*[1] This summary does not constitute tax advice. All persons considering the use of this important new hybrid vehicle tax credit should consult with their own tax advisor to determine the specific amount of benefit, if any, that they may be able to claim on their federal income tax returns. Your tax advisor may also have further information on the many state and local tax incentives that may be available to Hybrid vehicle owners.*

*The above summary is based on the federal income tax law in effect in the fall [of] 2005, and may be changed, without notice, by later changes to the tax law or further action by the Internal Revenue Service.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

Toyota and Lexus hybrids meet both of these requirements.

> In addition, you should know that your benefit may be substantially reduced or eliminated if you are subject to the Alternative Minimum Tax, commonly known as AMT.

(Allen Decl. Ex. A; FAC ¶ 17(I)-(ii).)

Plaintiff also identifies a press release issued by Defendant in April 2006 (the "April 2006 Press Release" or the "Release"), which states in part:

**Toyota and Lexus Hybrids Qualify for the New Federal Tax Credit**

> Customers who purchase Toyota and Lexus hybrid vehicles on or after January 1, 2006 may apply a new tax credit to their 2006 federal income tax liability. The hybrid tax credit was enacted by the Energy Policy Act of 2005 to encourage the purchase of fuel-efficient hybrid-electric vehicles that help to reduce air pollution and use less gasoline.
>
> . . .
>
> Starting in 2006, this tax credit replaces the tax <u>deduction</u> of $2,000 previously allowed for taxpayers who purchased a new hybrid vehicle before December 31, 2005. An individual's income tax liability can be subject to a number of factors, so consumers are strongly advised to consult a tax or accounting professional when claiming a deduction or credit on their income tax return.

(Allen Decl. Ex. C.) The Release also contains the following cautionary language:

**[DISCLAIMER]**

> **This summary does not constitute tax advice.** All persons considering the use of this important new hybrid vehicle tax credit should consult with their own tax advisors to determine the specific amount of benefit, if any, that they may be able to claim on their federal income tax returns. Your tax advisor may also have further information on the many state and local tax incentives that may be available to Hybrid vehicle owners. The above summary is based on the federal income tax law in effect in April, 2006, and may be changed, without notice, by later changes to the tax law or further action by the Internal Revenue Service.

(Allen Decl. Ex. C; FAC ¶ 17(iii).)

Based on the foregoing allegations, Plaintiff asserts the following four claims for relief: (1) violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq. ("CLRA"); (2) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"); (3) negligent misrepresentation; and (4) unjust enrichment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. __, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks and citation omitted; alteration in original). But the Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombley, 551 U.S. __, 127 S. Ct. 1955, 1965 (2007).

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1984). If a complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed. Haddock v. Bd. of Dental Examiners, 777 F.2d 462, 464 (9th Cir. 1985).

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 127 S. Ct. at 2200. "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (internal citations omitted).

"Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint. A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the motion. The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) (internal citations omitted). A court may consider the full text of documents only partially quoted in the complaint. Cooper v. Pickett, 137 F.3d 616, 623 (9th Cir. 1997).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). Leave to amend should be granted even if the plaintiff did not request leave, unless it is clear that the complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**PRIORITY SEND**

cannot be cured by the allegation of different facts. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

## III. DISCUSSION

### A. No Reasonable Consumer Could Have Been Misled by or Relied on the Allegedly Unlawful Statements

Defendant argues that Plaintiff's CLRA, UCL, and negligent misrepresentation claims fail as a matter of law because the statements at issue were not likely to mislead a reasonable consumer.[4] The Court agrees.

CLRA and UCL claims are both subject to a "reasonable consumer" analysis. "The CLRA proscribes certain 'unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer . . . .'" Colgan v. Leatherman Tool Group, Inc., 135 Cal. App. 4th 663, 679-80 (2006). "Conduct that is 'likely to mislead a reasonable consumer' thus violates the CLRA." Id. Similarly, the UCL proscribes any "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. To prevail on a UCL false advertising claim, "a plaintiff need only show that members of the public are likely to be deceived." Leatherman, 135 Cal. App. 4th at 682. "A 'reasonable consumer' standard applies when determining whether a given claim is misleading or deceptive." Id.; see also Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 506-07 (2003) ("[U]nless the advertisement targets a particular disadvantaged or vulnerable group, it is judged by the effect it would have on a reasonable consumer."). "'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." Lavie, 105 Cal. App. 4th at 508. "Rather, the phrase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." Id.

---

[4] Plaintiff's fourth claim for relief asserts "unjust enrichment." (FAC ¶¶ 47-49.) "Unjust enrichment is not a cause of action, however, or even a remedy, but rather a general principle, underlying various legal doctrines and remedies. It is synonymous with restitution." McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004) (internal quotation marks and alterations omitted). "Thus, [the Court] must look to the actual gravamen of [Plaintiff's] complaint to determine what cause of action, if any, he stated, or could have stated if given leave to amend." Id. For the purposes of the Motion, therefore, the Court need only consider whether Plaintiff's underlying CLRA, UCL, and negligent misrepresentation claims are properly stated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**PRIORITY SEND**

Negligent misrepresentation claims are subject to a similar analysis. "The elements of negligent misrepresentation include: (1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) resulting damage." Glenn K. Jackson Inc. v. Roe, 273 F.3d 1192, 1201 n.2 (9th Cir. 2001). Justifiable reliance exists if a reasonable consumer would rely on the alleged misrepresentation. See Glen Holly Entm't Inc. v. Tektronix Inc., 352 F.3d 367, 379 (9th Cir. 2003) (finding that plaintiff had failed to state a claim for negligent misrepresentation because a reasonable consumer could not have relied on the alleged misrepresentations).

No reasonable consumer could have been misled by the Hybrid Synergy Page. The page contains the following express disclaimer: "In addition, you should know that your benefit may be substantially reduced or eliminated if you are subject to the Alternative Minimum Tax, commonly known as AMT." (Allen Decl. Ex. A.) The Hybrid Synergy Page is not lengthy, and this disclaimer is patently obvious to anyone who reads the page. The page also states: "While an individual's income tax liability can be subject to a number of factors, it's wise to consult a tax or accounting professional when claiming a deduction or credit on one's income tax return." (Allen Decl. Ex. A.) Finally, a footnote states:

> *[1] This summary does not constitute tax advice. All persons considering the use of this important new hybrid vehicle tax credit should consult with their own tax advisor to determine the specific amount of benefit, if any, that they may be able to claim on their federal income tax returns. Your tax advisor may also have further information on the many state and local tax incentives that may be available to Hybrid vehicle owners.*
>
> *The above summary is based on the federal income tax law in effect in the fall [of] 2005, and may be changed, without notice, by later changes to the tax law or further action by the Internal Revenue Service.*

(Allen Decl. Ex. A.) Given these cautionary statements, no reasonable consumer could have been misled by the Hybrid Synergy Page into believing that he or she would definitely qualify for the hybrid tax credit.

The April 2006 Press Release also could not have misled a reasonable consumer into believing that every Hybrid vehicle purchaser would be entitled to the hybrid tax credit. To be sure, the Release treads a finer line than the Hybrid Synergy Page. It is of some concern that the release contains arguably absolute language such as: "Customers who purchase Toyota and Lexus hybrid vehicles on or after January 1, 2006 may apply a new tax credit to their 2006 federal income tax liability." (Allen Decl. Ex. C.) Unlike the Hybrid Synergy Page, the Release does not mention the AMT. It is also of some

| CV-90 (12/02) | CIVIL MINUTES - GENERAL | Page 7 of 9 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**PRIORITY SEND**

concern that the following disclaimer is displayed in a small font at the end of the Release:

> **[DISCLAIMER]**
>
> **This summary does not constitute tax advice.** All persons considering the use of this important new hybrid vehicle tax credit should consult with their own tax advisors to determine the specific amount of benefit, if any, that they may be able to claim on their federal income tax returns. Your tax advisor may also have further information on the many state and local tax incentives that may be available to Hybrid vehicle owners. The above summary is based on the federal income tax law in effect in April, 2006, and may be changed, without notice, by later changes to the tax law or further action by the Internal Revenue Service.

(Allen Decl. Ex. C.) There is no question that the Release is imperfectly drafted. For instance, Plaintiff's claims would be weakened if the foregoing disclaimer were more prominently displayed, or if the Release explicitly mentioned the AMT. However, despite these infirmities, the Court is persuaded that no reasonable consumer would be misled by the Release or would rely on it to predict his or her tax liability. The Release urges consumers to seek expert tax advice before claiming a deduction or credit: "An individual's income tax liability can be subject to a number of factors, so consumers are strongly advised to consult a tax or accounting professional when claiming a deduction or credit on their income tax return." (Allen Decl. Ex. C.) This disclaimer is displayed prominently in the main body of the Release. It appropriately recognizes that application of the Internal Revenue Code is not a simple matter. In part because of this cautionary language, a reasonable consumer would not rely on the Release in lieu of seeking professional tax advice. The Court concludes that it is not probable that a significant proportion of targeted car buyers, acting reasonably under the circumstances, would be misled by the Release. See Lavie, 105 Cal. App. 4th at 508.

Plaintiff's CLRA, UCL, and negligent misrepresentation claims fail as a matter of law.[5]

### B. Plaintiff Has Failed to Allege Standing Under the UCL

Plaintiff's UCL claim fails for the independent reason that Plaintiff has not properly alleged standing.

---

[5] Because Plaintiff's claims fail to satisfy the general Rule 8 pleading standing, the Court need not consider whether any of the claims are subject to the heightened pleading standard of Rule 9. For the same reason, the Court need not consider Defendant's arguments that Plaintiff has failed to plead a cognizable injury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

"The passage of Proposition 64 in November 2004 changed the standing requirements for a UCL claim." Meyer v. Sprint Spectrum L.P., 150 Cal. App. 4th 1136, 1140 (2007). To establish standing, a plaintiff must allege that he (1) "has suffered injury in fact" and (2) "has lost money or property as a result of [the alleged] unfair competition." Cal. Bus. & Prof. Code § 17204. In the context of false or misleading advertising, a plaintiff must allege that he actually viewed the defendant's advertising. See Meyer, 150 Cal. App. 4th at 1141-42; see also Laster v. T-Mobile USA, Inc., 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005) (finding no standing where "none of the named Plaintiffs allege[d] that they saw, read, or in any way relied on the advertisements" or that "they entered into the transaction *as a result* of those advertisements").

The FAC alleges in pertinent part:

Plaintiff Daniel Girard was informed that he would receive a $3,150.00 tax credit if he purchased a new Hybrid vehicle. Plaintiff Girard was further informed that price was not negotiable as a result of the availability of the tax credit. Plaintiff Girard detrimentally relied on this sales program -- implemented and actively promoted by Defendant on a national scale -- in making the decision to purchase a Hybrid vehicle.

(FAC ¶ 18.)[6] Plaintiff does not allege that he viewed either of the two advertisements referred to in the FAC, i.e., the Hybrid Synergy Page and the April 2006 Press Release. Plaintiff has therefore failed properly to allege standing under the UCL.[7]

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion is GRANTED. All of Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Plaintiff is granted leave to amend the complaint in conformity with this Order and Rule 11 of the Federal Rules of Civil Procedure. An amended complaint may be filed and served no later than September 4, 2007. Failure to file an amended complaint by that date will waive Plaintiff's right to do so. If Plaintiff fails to file an amended complaint by that date, the action will be dismissed with prejudice.

IT IS SO ORDERED.          Initials of Deputy Clerk _____

---

[6] Plaintiff obviously cannot rely on this vague allegation alone to state a claim against this Defendant as he does not contend that he was so informed by this Defendant.

[7] Without deciding the matter, the Court notes that Plaintiff's negligent misrepresentation claim may be precluded for the same reason. See Cadlo, 125 Cal. App. 4th at 519 ("[T]he plaintiff must plead that he or she actually relied on the misrepresentation.").

# PROOF OF SERVICE

I, Jojo Nghiem, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 610 Newport Center Drive, 17th Floor, Newport Beach, California 92660-6429. On September 7, 2007, I served the within documents:

**[PROPOSED] ORDER DISMISSING ACTION WITH PREJUDICE**

[X]  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Newport Beach, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Evan J. Smith, Esq.<br>Steven S. Wang, Esq.<br>**Brodsky & Smith, LLC**<br>9595 Wilshire Boulevard<br>Suite 900<br>Beverly Hills, CA 90212<br><br>**FAX: (310) 247-0160** | Attorneys for Plaintiff |
| Rex H. Elliott, Esq.<br>Charles H. Cooper, Jr., Esq.<br>John C. Camillus, Esq.<br>**Cooper & Elliott, LLC**<br>2175 Riverside Drive<br>Columbus, OH 43221<br><br>**FAX: (614) 481-6001** | Attorneys for Plaintiff |

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on September 7, 2007, at Newport Beach, California.

_/s/ Jojo Nghiem_